UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE A. HALL,

                Plaintiff,           Civil Action No. 22-11281

v.                                          Victoria A. Roberts
                                             United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                    David R. Grand
                                             United States Magistrate Judge

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 13, 15)

Plaintiff Bobbie A. Hall ("Hall") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (ECF Nos. 13, 15), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.    **RECOMMENDATION**

For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Hall is not disabled under the Act is supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's Motion for Summary Judgment **(ECF No. 15)** be **GRANTED**, Hall's Motion for Summary Judgment **(ECF No. 13)** be **DENIED**, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the

ALJ's decision be **AFFIRMED**.

## II.    REPORT

### A.    Background

Hall was 47 years old at the time of her alleged onset date of September 30, 2014, and at 5'2" tall weighed approximately 150 pounds. (PageID.80, 108).[1] She completed eleventh grade but had no further education. (PageID.81, 325). She previously worked as an airline caterer for a number of years, but she testified that she stopped working in that job around September 2014 when she "had to relocate."[2] (PageID.82, 86 325, 335). She then had a "very brief stint" at another job. (PageID.85). She now alleges disability as a result of back and hip pain, hand pain, chronic obstructive pulmonary disease ("COPD"), asthma, and hypertension. (PageID.85, 87, 298, 324).

After Hall's applications for DIB and SSI were denied at the initial level on December 11, 2019 (PageID.168-71, 185-88), and on reconsideration on May 20, 2020 (PageID.204-06, 219-21), she timely requested an administrative hearing, which was held on November 2, 2020, before ALJ Crystal White-Simmons (PageID.76-100). Hall, who was represented by attorney Peter Matalle, testified at the hearing, as did vocational expert ("VE") Diane Regan. (*Id.*). On January 25, 2021, the ALJ issued a written decision finding that Hall is not disabled under the Act. (PageID.62-71). On April 5, 2022, the Appeals

---

[1] Standalone citations to "PageID.___" are all to the administrative transcript in this case, which can be found at ECF No. 10.

[2] In an August 24, 2019, disability report, Hall indicated – somewhat inconsistently – that she stopped working because of her medical conditions. (PageID.325).

2

Council denied review. (PageID.46-51). Hall timely filed for judicial review of the final decision on June 9, 2022. (ECF No. 1).

### B. The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Hall is not disabled under the Act. At Step One, the ALJ found that Hall has not engaged in substantial gainful activity since September 30, 2014 (the alleged onset date). (PageID.65). At Step Two, the ALJ found that she has the severe impairments of COPD, asthma, and left hip arthritis. (*Id.*). At Step Three, the ALJ found that Hall's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (PageID.66).

The ALJ then assessed Hall's residual functional capacity ("RFC"), concluding that she is capable of performing light work, with the following additional limitations: no climbing ladders, ropes, or scaffolds; occasional climbing of ramps and stairs and balancing, stooping, kneeling, and crouching; no crawling; no exposure to extreme cold, heat, wetness, or humidity; occasional exposure to pulmonary irritants; no work at unprotected heights; and requires the option to alternate to sitting for 1-2 minutes after 30 minutes of standing. (PageID.67).

At Step Four, the ALJ found that Hall is not able to perform any of her past relevant work. (PageID.69). At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions, that Hall is capable of performing the jobs

4

of packer (100,000 jobs nationally), sorter (100,000 jobs), and assembler (200,000 jobs). (PageID.70). As a result, the ALJ concluded that Hall is not disabled under the Act. (PageID.71).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). The phrase "substantial evidence" is a "term of art …." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d

5

680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Hall v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

**D.    Analysis**

In her motion for summary judgment, Hall argues that the ALJ erred in evaluating the medical treatment and opinion evidence and, as a result, adopted an RFC that is not supported by substantial evidence. (ECF No. 13, PageID.525-31). For the reasons set forth below, the Court disagrees.

 1.    *The Relevant Medical Evidence*[3]

On January 19, 2019, Hall presented to the emergency room with chest pain and shortness of breath. (PageID.412). She was admitted to the hospital with a COPD exacerbation, but a chest x-ray showed no evidence of acute process. (PageID.420). At a

---

[3] Because Hall's RFC challenge centers on her physical limitations, the Court will focus its discussion of the medical evidence on evidence pertaining to those conditions.

6

follow-up visit to Farah Mehdi, M.D. on January 24, 2019, Hall reported feeling "good" and no longer using a rescue inhaler or nebulizer. (PageID.444-46).

On November 6, 2019, Hall presented to Jai Prasad, M.D. for a consultative examination. (PageID.447-57). On examination, Hall's chest wall expansion was normal, but on auscultation, there were widespread wheezes overlying both lung fields. (PageID.448). A pulmonary function test showed Hall's FVC was within normal limits, but her FEV1 was 56% of the predicted value. (PageID.449). She also was limping on the left side, with tenderness and limited range of motion in the left hip. (PageID.448, 452). Dr. Prasad opined that Hall could carry 15 pounds, was required to hold onto a railing while climbing stairs, and could not squat or arise from squatting. (PageID.450).

On December 10, 2019, state agency physician Thomas Flake, M.D. reviewed Hall's records and opined that she could frequently lift and/or carry 10 pounds and stand and/or walk for 4 hours in an 8-hour workday. (PageID.115). He further opined that Hall could never crawl or climb ladders, ropes, or scaffolds and, because of her COPD, was required to avoid concentrated exposure to respiratory irritants such as fumes, odors, dust, gases, and poor ventilation. (PageID.115-16).

On January 16, 2020, Hall presented to Alka Aggarwal, M.D. as a new patient, with complaints of numbness and tingling in both hands and pain in her right hip. (PageID.468). On examination, her lungs were clear, with no rhonchi or wheezes. (*Id.*). Imaging studies were ordered, and she was encouraged to use NSAIDs for pain. (*Id.*). X-rays of Hall's right hip and left hand performed on February 24, 2020, were normal; an x-ray of her right hand performed the same day showed mild osteoarthritic changes of the first

7

interphalangeal joint and the second and third distal interphalangeal joints. (PageID.473-75). Additionally, a chest CT performed that day showed multiple irregular opacities scattered throughout the parenchyma of both lungs with associated mild peribronchial thickening that could be related to her history of smoking. (PageID.479). Hall returned to see Dr. Aggarwal on three more occasions during 2020, generally complaining of depression; she was started on Celexa but no other actions were taken. (PageID.488-94).

On March 11, 2021 – approximately six weeks after the ALJ issued her decision in this matter – Dr. Aggarwal completed a Treating Source Statement, in which he indicated that Hall suffered from right hip pain, right and left hand pain, hypertension, COPD, hyperlipidemia, depression, and nicotine dependence. (PageID.101). Dr. Aggarwal opined that Hall's symptoms were likely severe enough to interfere with the attention and concentration needed to perform even simple work-related tasks more than 25% of the workday, and that she would likely be absent from work 2-3 days per month because of her impairments. (*Id.*). He further opined that Hall could occasionally lift and carry 20 pounds; could stand/walk for only 3 hours in an 8-hour workday; required a sit/stand option; and could only occasionally reach overhead and finger with both hands. (PageID.102-03).

      2.     *Substantial Evidence Supports the ALJ's RFC Finding*

As set forth above, the ALJ found that Hall retains the RFC to perform light work, with the following additional limitations: no climbing ladders, ropes, or scaffolds; occasional climbing of ramps and stairs and balancing, stooping, kneeling, and crouching; no crawling; no exposure to extreme cold, heat, wetness, or humidity; occasional exposure

8

to pulmonary irritants; no work at unprotected heights; and requires the option to alternate to sitting for 1-2 minutes after 30 minutes of standing. (PageID.67). Hall now argues that the ALJ's RFC determination "is the product of legal error" because the ALJ "improperly rejected the opinions of consultative examiner Dr. Prasad and non-examining State agency review[ing] physician, Dr. Flake …." (ECF No. 13, PageID.525, 526). Hall also argues that the failure of the ALJ and/or the Appeals Council to evaluate the March 2021 opinion of treating physician Dr. Aggarwal constitutes harmful error.[4] (*Id.*, PageID.526, 532). Each of these arguments is addressed below.

> a.  *The ALJ's Evaluation of the Medical Opinion Evidence*

The regulatory criteria for weighing medical opinions with respect to claims, like Hall's, filed on or after March 27, 2017, is set forth at 20 C.F.R. § 404.1520c. Specifically, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider medical opinions "using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* These factors include:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or

---

[4] Hall initially argues, "while it is unclear whether the ALJ had access to the opinion from Dr. Aggarwal, the fact remains that neither the ALJ nor the Appeals Council analyzed this treating physician opinion, which was harmful error …." (ECF No. 13, PageID.526). But, because Dr. Aggarwal didn't issue his opinion until about six weeks *after* the ALJ issued her decision in this case, the ALJ clearly cannot be faulted for not discussing the opinion in her decision. Accordingly, the Court will address Hall's argument only as to the Appeals Council.

9

>prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.
>
>(3) Relationship with the claimant. This factor combines consideration of the issues in paragraphs (c)(3)(i) through (v) of this section … [which include length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship].
>
>(4) Specialization. The medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty.
>
>(5) Other factors. We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding.

20 C.F.R. § 404.1520c(c). The most important factors in this analysis are a medical opinion's supportability and consistency with other evidence in the record. *See* 20 C.F.R. § 404.1520c(b)(2). Therefore, ALJs are required to explain how they considered the supportability and consistency factors for a medical source's medical opinions in the determination or decision. *Id.*

In this case, the ALJ first considered the November 2019 opinion of consultative examiner Dr. Prasad. (PageID.68). As set forth above, Dr. Prasad assessed no limitation in Hall's ability to sit, stand, push, pull, or perform postural and manipulative actions, except that he concluded she can carry up to 15 pounds, can climb stairs while holding a railing, and cannot squat or arise from squatting. (PageID.450). The ALJ expressly

10

considered Dr. Prasad's opinion that Hall can carry only 15 pounds, finding it unpersuasive. (PageID.68). Specifically, with respect to that limitation, the ALJ stated:

> The undersigned does not find Dr. Prasad's assessment is persuasive because the limitation was inconsistent with the medical evidence, including the claimant's normal coordination, intact range of motion, full motor strength, and intact sensation [(PageID.419, 488, 489, 509)]. In addition, the restriction was not supported by the specific medical evidence relied upon.

(*Id.*). With respect to the consistency factor, then, the ALJ specifically found the 15-pound carrying limitation inconsistent with other medical evidence, including examination findings showing normal coordination, intact range of motion, full motor strength, and intact sensation. (*Id.*) (citing PageID.419 (normal ranges of motion and normal coordination in January 2019), 488-489 (full ranges of motion and no sensory motor deficits in November 2020), 509 (intact ranges of motion, 5/5 strength bilaterally, and intact sensation in December 2019)). Moreover, with respect to the supportability factor, the ALJ also found Dr. Prasad's opinion regarding Hall's carrying limitation to be unsupported by the "specific medical evidence" the doctor relied on. (PageID.68). Indeed, although Dr. Prasad noted a left-sided limp, some tenderness and muscle spasms in the lumbar spine, and some reduced grip strength, he also recorded findings of intact cranial nerves, normal reflexes, and normal ranges of motion in the neck, shoulders, elbows, wrists, hands, knees, and ankles. (PageID.448-53).

In her motion, Hall argues that Dr. Prasad's findings of reduced ranges of motion in the lumbar spine and left hip, reduced grip strength, left-sided limp, and reduced FEV1 finding support a limitation to carrying no more than 15 pounds. (ECF No. 13,

11

PageID.528-29). While Dr. Prasad did note certain deficiencies, that does not detract from the fact that, ultimately, the ALJ's analysis is supported by the aforementioned substantial evidence. An ALJ's decision is "'not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion…. This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)). Thus, the Court is not persuaded by Hall's argument that the ALJ committed error warranting remand in evaluating Dr. Prasad's opinion.

Hall next challenges the ALJ's evaluation of the opinion of Dr. Flake, the state agency physician who reviewed her records. (ECF No. 13, PageID.529-30). As set forth above, Dr. Flake opined that Hall can frequently lift and/or carry 10 pounds and stand and/or walk for 4 hours in an 8-hour workday. (PageID.115). He further opined that Hall can never crawl or climb ladders, ropes, or scaffolds and, because of her COPD, is required to avoid concentrated exposure to respiratory irritants such as fumes, odors, dust, gases, and poor ventilation. (PageID.115-16). The ALJ considered Dr. Flake's opinion, finding persuasive the postural and environmental limitations because they were supported by the medical evidence the doctor relied on, including Hall's own reports of left hip pain during treatment. (PageID.69). However, the ALJ found the remaining restrictions unpersuasive "because they were inconsistent with the medical evidence, including [Hall's] reports of no joint pain with full motor strength, full range of motion, and intact sensation during her November 2020 treatment ([PageID.489])." (PageID.69).

12

Hall argues that the ALJ erred in rejecting Dr. Flake's opinion based on findings made during a single visit to Dr. Aggarwal in November 2020, where treatment notes from prior visits belie the ALJ's analysis. (ECF No. 13, PageID.530). Specifically, Hall argues:

> … the ALJ ignores the July 30, 2020 visit with Dr. Aggarwal where she complained of COPD and the note indicates positive (+) signs next to back pain and joint pain, with examination showing positive rhonchi and wheezes. This also ignores Dr. Aggarwal's treatment June 8, 2020 visit where positive signs are next to joint pain and back pain (not in front of anything else), and exam showing positive rhonchi. Finally, this ignores Dr. Aggarwal's first visit with [Hall] in January 2020 whereby she reported positive joint or back pain as well as numbness and tingling.

(*Id.*) (internal citations omitted). Hall argues, then, that the ALJ erred in "selectively cit[ing] portions of the record" that disfavor her claim for disability. (*Id.*).

The Court is not persuaded by Hall's argument in this respect. To begin with, Hall's characterization of Dr. Aggarwal's findings is questionable. Although Hall complained of various symptoms at these appointments – including anxiety, depression, COPD, high blood pressure, and hand and hip pain – she was in no acute distress on examination in January 2020 and, despite some tenderness to palpation in the right hip, showed full ranges of motion in her extremities. (PageID.496). Similarly, in June and July 2020, she was in no acute distress with full ranges of motion, intact neurological findings, and no sensory or motor deficits. (PageID.491, 493). All of these findings support the ALJ's decision to discount certain limitations imposed by Dr. Flake as inconsistent with medical evidence showing full motor strength, full range of motion, and intact sensation. (PageID.69). Again, although Hall cites to evidence supporting a different conclusion than the one reached by the ALJ, the Court must affirm the ALJ's decision where it is based on

13

substantial evidence. *See, e.g., Piehl v. Comm'r of Soc. Sec.*, No. 21-11066, 2022 WL 1731438, at *6 (E.D. Mich. May 4, 2022) ("the Court must affirm the ALJ's decision if it is supported by substantial evidence, 'even if substantial evidence also supports the opposite conclusion.'") (quoting *Cutlip*, 25 F.3d at 286).[5]

Thus, where Hall has identified no error warranting remand in the ALJ's evaluation of the opinion evidence, and where the ALJ otherwise considered Hall's subjective complaints,[6] daily activities, and other treatment records (PageID.67-69), the Court finds that substantial evidence supports the ALJ's RFC finding.

### b.     *A Sentence Six Remand is Not Required*

Lastly, Hall contends that remand is warranted for further consideration of Dr. Aggarwal's March 11, 2021, Treating Source Statement, which she submitted to the Appeals Council. (ECF No. 13, PageID.532-33).

---

[5] Hall also argues that, having "rejected all opinion evidence she analyzed," the ALJ improperly substituted her "own lay 'medical' opinion" for that of a doctor. (ECF No. 13, PageID.531; *see also* ECF No. 16, PageID.557 ("[The ALJ] used her unqualified lay interpretation of the medical evidence to subordinate [the] two medical opinions [discussed above].")). To the extent Hall is suggesting that the ALJ was not competent to determine functional limitations from her review of the record, she is mistaken, as that is precisely an ALJ's function. *See Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 401 (6th Cir. 2016) ("[D]etermining how certain diagnoses and symptoms bear on a claimant's capacity to work is not exclusively a 'medical judgment,' but a matter explicitly within the ALJ's purview[.]").

[6] In her reply brief, Hall cites to her own testimony and reports that "her hands lock up"; "she must sit down frequently as her back locks up"; she "loses her breath to the point where she must sit and slow down to catch her breath"; and she "has trouble holding onto things with her hands." (ECF No. 16, PageID.558). But, the ALJ reasonably discounted Hall's subjective complaints (PageID.67-68), a finding that Hall did not challenge and, thus, has waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the courts to … put flesh on its bones.").

When additional evidence is submitted to the Appeals Council, and the Appeals Council declines to review the ALJ's decision, the Sixth Circuit has held that the district court can remand for further consideration of the evidence only where the plaintiff shows that (1) the evidence was new; (2) the evidence was material; and (3) the plaintiff had good cause for not submitting the evidence to the ALJ. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing 42 U.S.C. §405(g)). Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Evidence is "material" if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988). "Good cause" requires the claimant to demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357.

In this case, even if Dr. Aggarwal's March 2021 opinion could be considered "new" evidence, as it was generated after the ALJ issued her decision on January 25, 2021, and even if the Court were to find that Hall established "good cause" for her failure to acquire and submit this opinion sooner, she has not shown that the evidence in question is material.

To establish the opinion's materiality, Hall bears the burden of establishing that it would likely have changed the ALJ's decision had it been before her prior to rendering her decision. *See Bass*, 499 F.3d at 513. In the opinion at issue, Dr. Aggarwal checked boxes indicating that, in an 8-hour workday, Hall would likely be off task more than 25% of the workday, and that she would likely be absent from work 2-3 days per month because of

15

her impairments. (PageID.101). He further opined that Hall could occasionally lift and carry 20 pounds; could stand/walk for only 3 hours in an 8-hour workday; required a sit/stand option; and could only occasionally reach overhead and finger with both hands. (PageID.102-03). The Appeals Council explicitly considered Dr. Aggarwal's March 2021 opinion and found that it did "not relate to the period at issue" and therefore did "not affect the decision about whether [Hall] was disabled beginning on or before January 25, 2021." (PageID.47). This conclusion is reasonable, as nowhere on the form did Dr. Aggarwal indicate that the assessed limitations related back to the relevant period in this case (September 30, 2014-January 25, 2021). (PageID.101-04).

Moreover, Hall has not established that Dr. Aggarwal's March 2021 opinion undermines the ALJ's ultimate conclusion in this case. Indeed, the assessed lifting/carrying restrictions (20 pounds) *support* the ALJ's RFC finding that Hall can perform the lifting/carrying requirements of light work. (PageID.102). And, with respect to the more restrictive limitations he imposed, Dr. Aggarwal did not provide any type of narrative explanation (PageID.101-04), which makes these aspects of his opinion less persuasive. *See Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566-67 (6th Cir. 2016) ("Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings…."); *Steffel v. Comm'r of Soc. Sec.*, No. 1:20-cv-53, 2021 WL 959266, at *4 (W.D. Mich. Mar. 15, 2021) ("ALJs are not bound by conclusory statements of

16

doctors, particularly where they appear on 'check-box forms' and are unsupported by explanations citing detailed objective criteria and documentation.").

In sum, where the ALJ already considered Dr. Aggarwal's treatment notes from the relevant time period, reasonably finding that the mostly unremarkable findings supported no greater limitations than those assessed in the RFC (PageID.68), Hall has failed to show "a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. As such, she has not shown that he is entitled to a remand under sentence six.[7]

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, that decision should be affirmed.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment **(ECF No. 15)** be **GRANTED**, Hall's Motion for Summary Judgment **(ECF No. 13)** be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: March 21, 2023　　　　　　　　　　s/David R. Grand　　　　　　
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[7] Hall cites *Gardner v. Saul*, No. 3:20-cv-001332, 2021 WL 3915011, at *4 (N.D. Ohio July 28, 2021), for the proposition that, "[[t]he Agency's] failure to consider a medical opinion or explain its omission requires remand because it prevents the Court from performing meaningful review to determine whether substantial evidence supports the ALJ's decision." (ECF No. 13, PageID.532). *Gardner* is distinguishable, however. In that case, the opinion at issue – of the state agency psychologist – was before the ALJ, and there was "no indication" that the ALJ considered it. *Gardner*, 2021 WL 3915011, at *4. Here, Dr. Aggarwal's March 2021 opinion was not before the ALJ, and it was, in fact, considered by the Appeals Council.

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2023.

                                      s/Eddrey O. Butts
                                      EDDREY O. BUTTS
                                      Case Manager