UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE A. HALL,

    Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 22-11281
District Judge Victoria A. Roberts
Magistrate Judge David R. Grand

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTION [ECF NO. 18];**
**(2) ADOPTING REPORT AND RECOMMENDATION [ECF NO. 17];**
**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]; AND**
**(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]**

    **I.    INTRODUCTION**

On March 21, 2023, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") [ECF No. 17], recommending that Plaintiff's Motion for Summary Judgment [ECF No. 13] be denied and Defendant's Motion for Summary Judgment [ECF No. 15] be granted.  Plaintiff objects to the R&R.  [ECF No. 18].

1

After *de novo* review of the record, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Grand's R&R in full.

Defendant's Motion for Summary Judgment is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* a magistrate judge's report and recommendation on a dispositive motion that has been properly objected to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified, in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (citation omitted). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986).

## III.   ANALYSIS

### A. Objection 1: the Magistrate Judge failed to address the ALJ's error in crafting the RFC when she impermissibly

2

**used her own lay opinion.**

In her single objection to Judge Grand's R&R, Plaintiff argues that the ALJ erroneously based her residual functional capacity findings ("RFC") on her own lay opinion rather than the medical opinions in the record. Plaintiff says that because of this, there is not substantial evidence in the record to warrant the ALJ's decision that Plaintiff is not disabled under the Social Security Act. Defendant says that the ALJ did not come to her findings based on improper lay opinion, but rather based on a careful analysis of inconsistent medical evidence in the records. Defendant argues that sufficient medical evidence supports the RFC, and that the ALJ's decision to deny Plaintiff benefits is proper. The Court agrees with Defendant.

Though it is true that the ALJ cannot reject every medical opinion and rely on her own lay interpretation of the record, *see Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009), the ALJ here did not do that. *See* [ECF No. 10, PageID.67-69] (describing the careful consideration of the entire record, review process of conflicting medical documents, and findings regarding Plaintiff's RFC).

The record shows that she sufficiently evaluated inconsistent medical evidence in Plaintiff's case and came to a valid conclusion. *See Tipton v. Comm'r of Soc. Sec.*, 847 F. App'x 290, 294 (6th Cir. 2021) ("Plaintiff argues

3

that the ALJ impermissibly substituted her lay judgment for the opinions of medical experts; but in truth, the ALJ turned to a variety of medical sources located in the record in coming to her conclusions."). The ALJ did not "play doctor" in evaluating the evidence and reaching a conclusion on Plaintiff's RFC—she made an informed decision based on a variety of medical sources before her. This is "precisely the ALJ's role." *Livingston v. Comm'r of Soc. Sec.*, 776 F. App'x 897, 901 (6th Cir. 2019).

The Code of Federal Regulations equally supports the ALJ's actions. *See* 20 C.F.R. § 416.920b(b) ("In some situations, [an ALJ] may not be able to make [its] determination or decision because the evidence in your case record is insufficient or inconsistent. . . . We consider evidence to be inconsistent when it conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques. If the evidence in your case record is insufficient or inconsistent, we . . . will consider the relevant evidence and see if we can determine whether you are disabled based on the evidence we have.").

Plaintiff says that substantial evidence exists to support her position, and because of this, the ALJ's determination was in error. But so long as substantial evidence *also* supports a different position, the ALJ's decision

4

"must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

## IV. CONCLUSION

The Court: (1) **OVERRULES** Plaintiff's objection and **ADOPTS** Magistrate Judge Grand's R&R; (2) **GRANTS** Defendant's Motion for Summary Judgment; and (3) **DENIES** Plaintiff's Motion for Summary Judgment.

Judgment enters in favor of Defendant.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: 5/18/2023